UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA MONTOYA ZAMORA,<br><br>                Petitioner,<br>   vs.<br><br>GARY MICHAEL HOPKINS,<br><br>                Respondent. | CASE NO. 13cv1298-WQH-WMc<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion to Reopen Case and Motion for Attorneys' Fees filed by Petitioner. (ECF No. 18).

**I.    Background**

    On May 22, 2013, Petitioner filed a "Petition for Return of the Child to Mexico" in the Superior Court for the County of San Diego. (ECF No. 1-2).

    On June 5, 2013, Respondent filed a Notice of Removal pursuant to 28 U.S.C. section 1441 to remove this action to this Court. (ECF No. 1).

    On June 14, 2013, Respondent filed a "Motion to Dismiss Case Because It Has Become Moot" ("Motion to Dismiss"). (ECF No. 9). Respondent contended that the case had become moot because Respondent and the minor child at issue had "permanently returned to live in Mexico." *Id*. at 4.

1 On June 14, 2013, the Court ordered that "[a]ny response to the Motion to Dismiss Case ... shall be filed no later than June 21, 2013." (ECF No. 11). On June 25, 2013, the parties filed a joint motion to extend the time for Petitioner to respond to the Motion to Dismiss. (ECF No. 12). On June 28, 2013, the Court granted the joint motion and extended the deadline for Petitioner to respond to the Motion to Dismiss to July 2, 2013. (ECF No. 13). The docket reflects that Petitioner did not file a response to the Motion to Dismiss.

On July 11, 2013, the Court granted the unopposed Motion to Dismiss (ECF No. 9), dismissed the action without prejudice, and ordered the case closed. (ECF No. 15).

On August 6, 2013, Petitioner filed the Motion to Reopen Case and Motion for Attorneys' Fees. (ECF No. 18). Petitioner requests that this Court reopen the case pursuant to Federal Rule of Civil Procedure 60 subsections (b)(1) and (b)(6) on the grounds of mistake, inadvertence, surprise, or excusable neglect. (ECF No. 18-1). Petitioner contends that her "mistake in failing to file a motion for attorneys' fees before this [C]ourt prior to the dismissal is excusable as counsel mistakenly believed that an opposition to Respondent's motion to dismiss the matter as moot would have been frivolous as counsel had confirmed that the child indeed had returned to her home state." *Id.* at 2. Petitioner contends that this Court may award attorneys' fees and expenses incurred by or on behalf of the petitioner pursuant to 42 U.S.C. section 11607. *Id.* at 3. Petitioner asserts that "attorneys' fees can be awarded under circumstances in which the case has been dismissed as moot and thus there is no final judgment in the [petitioner's] favor [when] the [petitioner] obtained the relief sought," and cites in support several California state court cases that awarded fees pursuant to California Code of Civil Procedure section 1021.5. *Id.* at 3-5. Petitioner requests that this Court "grant an order for Respondent to pay the sum of $15,750.00 of attorneys' fees incurred by counsel for Petitioner," and "costs and expenses in the amount of $500.00." *Id.* at 5.

On August 9, 2013, Respondent filed a Response in Opposition to the Motion to

Reopen Case and Motion for Attorneys' Fees. (ECF No. 20). Respondent contends that relief from a final judgment under Federal Rule of Civil Procedure 60(b)(1) is unavailable on the ground of mistake for choices made "based upon an incorrect assessment of the consequences" (ECF No. 20-3 at 1, 5), and that "an attorney's ignorance or carelessness is not cognizable" as excusable neglect. (ECF No. 20-3 at 1-3). Respondent contends that Federal Rule of Civil Procedure 60(b)(6) is "used sparingly ... to prevent manifest injustice where extraordinary circumstances prevented a party from taking action in a timely manner to avert or correct an erroneous judgment," and "may not be applied where other grounds in Rule 60 do apply." *Id.* at 6-7. (citation omitted). Respondent contends that Petitioner alleges "grounds specifically covered in Rule 60(b)(1), so[] these ground[s] cannot serve as a basis to reopen under Rule 60(b)(6)." *Id.* at 6-7. (citations omitted). Respondent asserts that an award of attorney's fees to applicants under the Hague Convention is not mandatory. Respondent contends that because the current motion is pending in federal court, "none of the [California] cases [Petitioner] cited in her motion can be relied on by this court." *Id.* at 7. If the Motion to Reopen Case is granted, Respondent requests an evidentiary hearing to address factors relevant to whether attorneys' fees should be awarded and the reasonableness of the amount of opposing counsel's attorneys' fees.

On August 30, 2013, Petitioner filed a Reply. (ECF No. 22). Petitioner contends that relief is available under Rule 60(b)(1) for her mistake in filing her request for attorneys' fees in state court because the mistake was reasonable and Petitioner acted in good faith. *Id.* Petitioner contends that the circumstances of this case warrant relief under Rule 60(b)(6) to prevent manifest injustice. *Id.*

**II.    Discussion**

The sole legal authority for Petitioner's request for attorneys' fees is 42 U.S.C. section 11607(b)(3). Section 11607(b)(3) states: "Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner,

1 including court costs, legal fees, foster home or other care during the course of
2 proceedings in the action, and transportation costs related to the return of the child,
3 unless the respondent establishes that such order would be clearly inappropriate." 42
4 U.S.C. § 11607(b)(3). Even if the requirements of Rule 60(b) had been met, Petitioner
5 has failed to show that the requirements of section 11607(b)(3) are satisfied. Section
6 11607(b)(3) imposes "as a precondition for awarding costs that the court order the
7 return of a child." *Allman v. Coyle*, 319 F. Supp. 2d 540, 544 (E.D. Pa. 2004)(internal
8 quotation marks omitted). Because Petitioner has not shown that this Court or any other
9 court "order[ed] the return of a child pursuant to an action brought under section
10 11603," the Court has no authority to direct Respondent to pay the expenses incurred
11 by Petitioner. 42 U.S.C. § 11607(b)(3); *see Allman*, 319 F. Supp. 2d at 544 ("Because
12 I have made no such order in this case, I have no authority to direct [respondent] to pay
13 the expenses incurred by [petitioner].").

14 **III.  Conclusion**

15    IT IS HEREBY ORDERED that the Motion to Reopen Case and Motion for
16 Attorneys' Fees is DENIED. (ECF No. 18). This case remains closed.

17 DATED: October 23, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge